1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    L.R.M.,[1]                              Case No.  23-cv-02647-LJC

8                    Plaintiff,

9           v.                              **ORDER GRANTING MOTION FOR
                                            ATTORNEY FEES**
10   Leland Dudek, et al.,                   Re: Dkt. No. 23

11                   Defendants.

12

13          Plaintiff L.R.M.[1] filed an application seeking attorney's fees and costs under the Equal

14   Access to Justice Act (EAJA).  ECF No. 23.  Defendant Leland Dudek[2] filed a notice of non-

15   objection to Plaintiff's motion.  ECF No. 25.  As the Ninth Circuit has held that district courts are

16   "required to independently review plaintiffs' fee request even absent defense objections," the

17   Court has an obligation to review Plaintiff's motion for attorney's fees. *Gates v. Deukmejian*, 987

18   F.2d 1392, 1401 (9th Cir. 1992).  This matter is suitable for decision without oral argument.  Civil

19   L.R. 7-1(b).  The Court has reviewed Plaintiff's application for attorney's fees and costs and

20   hereby GRANTS the application.

21                              **BACKGROUND**

22          L.R.M applied for disability insurance benefits under Title II of the Social Security Act in

23   2018.  *See* ECF No. 14 at 8.[3]  After a hearing in front of an Administrative Law Judge (ALJ) in

24

25   [1] Because opinions by the Court are more widely available than other filings, and this Order
     contains potentially sensitive medical information, this Order refers to the Plaintiff only by her
26   initials.  This Order does not alter the degree of public access to other filings in this action
     provided by Rule.
27   [2] Leland Dudek was named Acting Commissioner of Social Security in on February 17, 2025, and
     is therefore automatically substituted as the defendant in this case under Rule 25(d) of the Federal
28   Rules of Civil Procedure.
     [3] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-

1   2020, the ALJ denied her application for benefits. *Id.* In 2021, the Appeals Council overturned

2   the ALJ's "decision and remanded for rehearing." *Id.* Following a second hearing in 2022, the

3   ALJ again denied L.R.M's application. *Id.* at 9. The Appeals Council declined to review the

4   ALJ's decision and L.R.M. filed the instant action challenging the 2022 denial.[4] ECF Nos. 1, 14

5   at 9.

6       L.R.M. filed a motion for summary judgment, arguing that the ALJ erred in concluding

7   that her medical condition was improving when the record indicated it was getting worse, in

8   concluding that the opinions of the psychiatric consultative examiner were not persuasive, in

9   finding that the State agency consultant's administrative medical findings were partially

10  persuasive, in discounting L.R.M.'s symptom testimony, in failing to fully develop the

11  administrative record, and in failing to consider L.R.M.'s reliance on a cane when assessing her

12  ability to work. ECF No. 14 at 6-7. Defendant filed a cross-motion for summary judgment. ECF

13  No. 19. The Court granted Plaintiff's motion for summary judgment, finding that the ALJ erred in

14  rejecting Plaintiff's symptom testimony, in discounting the medical opinion of the doctor who

15  completed Plaintiff's mental status evaluation, in disregarding testimony given by lay witnesses,

16  and in assessing Plaintiff's residual functional capacity. ECF No. 21 at 6, 12-13, 17, 20.

17  Judgment was entered on September 23, 2024. ECF No. 22.

**ANALYSIS**

19      The Equal Access to Justice Act (EAJA) provides that, in an action by or against the

20  United States, "including proceedings for judicial review of agency action[,]" courts must award

21  reasonable fees and expenses to the prevailing party other than the United States "unless the court

22  finds that the position of the United States was substantially justified or that special circumstances

23  make an award unjust." 28. U.S.C. § 2412(d)(1)(A).

**I.      SUBSTANTIAL JUSTIFICATION**

25      "It is the government's burden to show that its position was substantially justified or that

United States District Court
Northern District of California

---

filing system.

[4] When the Court refers to the "denial," it is referring to the ALJ's 2022 denial rather than the 2020 denial that the Appeals Council overturned.

United States District Court
Northern District of California

1    special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258

2    (9th Cir. 2001). "Substantially justified" means "justified to a degree that could satisfy a

3    reasonable person" with a "reasonable basis both in law and fact." *Id.* (citations omitted). The

4    "position of the United States" encompasses both its position in the "original action"—in this case,

5    the ALJ's denial of L.R.M.'s application and the Appeals Council's failure to remand—and its

6    decision in "defending the validity of the [original] action in court." *Id*. (quotations omitted).

7    Courts consider whether "the position of the government was, as a whole, substantially justified."

8    *United States v. Rubin*, 97 F.3d 373, 376 (9th Cir. 1996).

9            Plaintiff argues that "the government's original actions (the ALJ's decision and Appeals

10    Council's failure to remand) were not substantially justified." ECF No. 23 at 11. The Court

11    agrees.

12            In ruling on the motion and cross-motion for summary judgment, the Court found that the

13    ALJ erred at multiple points in her decision denying L.R.M.'s application for social security

14    benefits. ECF No. 21. Specifically, the Court found that the ALJ rejected L.R.M.'s symptom

15    testimony regarding her physical and mental impairments without clear and convincing reasons for

16    doing so, improperly evaluated medical opinion, and disregarded lay testimony from L.R.M.'s

17    husband, daughter, and mother without providing any basis for doing so. ECF No. 21 at 6, 11, 13-

18    17. The Court also found that the ALJ erred in assessing L.R.M.'s residual functional capacity to

19    the extent that the assessment was based on the ALJ's devaluation of medical opinion. *Id.* at 21.

20    The Court thus finds that the decision did not have a "reasonable basis in law and fact."[5]

21    *Gutierrez*, 274 F.3d at 1261. "Given the serious flaws in the ALJ's analysis," the Court finds that

22    Defendant's decision to "defend the ALJ's decision in this action" was not substantially justified

23    either. *Meier v. Colvin*, 727 F.3d 867, 873 (9th Cir. 2013); *see Flores v. Shalala*, 49 F.3d 562, 570

24    n.11 (9th Cir. 1995), *as amended on denial of reh'g* (June 5, 1995) ("It is difficult to imagine

25

26    _____

27    [5] The Court found the ALJ did not err in limiting the conditions she examined thoroughly while assessing L.R.M.'s residual functional capacity and in not supplementing the record with L.R.M.'s medical records from August 2019 to November 2021. ECF No. 21 at 19-22. This does not alter

28    the Court's conclusion that the government's position was not substantially justified, as courts assess if the government's position "as a whole." *Rubin*, 97 F.3d at 376.

1    circumstance in which the government's decision to defend its actions in court would be

2    substantially justified, but the underlying administrative decision would not.").  Furthermore, in

3    not opposing the instant motion, Defendant has not met its burden to show that its position was

4    substantially justified.  *Gutierrez*, 274 F.3d at 1258.

5    Accordingly, the Court finds that the government's position was without substantial

6    justification.

7    **II.    PREVAILING AND ELIGIBLE PARTY**

8    "An applicant for disability benefits becomes a prevailing party for the purposes of the

9    EAJA if the denial of her benefits is reversed and remanded regardless of whether disability

10   benefits ultimately are awarded."  *Gutierrez*, 274 F.3d at 1257; *see Shalala v. Schaefer*, 509 U.S.

11   292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff").  The Court

12   entered a judgment in favor of L.R.M. and remanded the case for further proceedings pursuant to

13   sentence four of 42 U.S. Code section 405(g).[6]  ECF No. 21 at 1.  Plaintiff accordingly is the

14   prevailing party.  As Plaintiff's net worth did not exceed $2,000,000 when this action was filed,

15   she is otherwise eligible for fees and costs pursuant to the EAJA.  28 U.S.C. § 2412(d)(2)(B); *see*

16   ECF No. 2 at 1-2.

17   **III.    TIMELINESS**

18   Plaintiff's application for attorney's fees is timely.  "A party seeking an award of fees and

19   other expenses" under the EAJA has thirty days "after a judgment becomes not appealable" to

20   submit their request for fees and expenses.  28 U.S.C. § 2412(d)(1)(B); *Shalala*, 509 U.S. at 302.

21   Defendant had until November 22, 2024—sixty days after the entry of judgment on September 23,

22   2024—to appeal this Court's Judgment.  ECF No. 22; *Shalala*, 509 U.S. at 302; *see* Fed. R. App.

23   P. 4(a)(1)(B).  Plaintiff accordingly had until December 23, 2024[7] to file her motion for attorney's

24

25   [6] Plaintiff erroneously states that the "Court remanded to the Commissioner solely for the calculation and certification for payment of benefits[.]" ECF No. 23 at 10.  This is incorrect.  The

26   Court found that remanding for immediate payment of benefits was not appropriate and remanded the case for further proceedings. *See* ECF No. 21 at 1.

27   [7] Thirty days after November 22, 2024, was Sunday, December 22, 2024, making Plaintiff's deadline to file her motion for attorney fees the subsequent Monday. Fed. R. Civ. P. 6(a)(1)(C)

28   ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

*United States District Court*
*Northern District of California*

4

1    fees.  The instant motion, filed on December 23, 2024, was timely.  ECF No. 23.

2    **IV.    REASONABLENESS OF ATTORNEY'S FEES**

3         The Court must also assess if L.R.M.'s request for attorney's fees is "reasonable."  28

4    U.S.C. § 2412(d)(2)(A).  This analysis necessarily comprises two elements: if L.R.M.'s attorney's

5    hourly fee is reasonable and if he expended a reasonable number of hours litigating the action.  *See*

6    *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

7         The EAJA specifies that attorney fees "shall not be awarded in excess of $125 per hour

8    unless the court determines that an increase in the cost of living or a special factor […] justifies a

9    higher fee."  28 U.S.C. § 2412(d)(1)(A)(ii).  The Ninth Circuit has increased the statutory

10   maximum rate to adjust for the increased cost of living.  *Thangaraja v. Gonzales*, 428 F.3d 870,

11   876-77 (9th Cir. 2005).  The adjusted statutory maximum rate in the Ninth Circuit was $244.62 for

12   2023 and $251.84 for 2024.  *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-

13   rates/ (Ninth Circuit Statutory Maximum Rates under the EAJA) (citing 28 U.S.C.

14   2412(d)(1)(A)(ii) (last viewed on January 28, 2025).  Plaintiff's attorney requests $244.62 per

15   hour for his work, which the Court finds is reasonable.  *See* ECF Nos. 23-1 (Weems Decl.) ¶¶ 13-

16   14, 23-2 (Invoice Attached to Weems Decl.).

17        L.R.M. also requests an hourly rate of $130 for her counsel's paralegal, Andrew Ragnes.

18   ECF No. 23-1 (Weems Decl.) ¶¶ 18-19.  The "prevailing party that satisfies EAJA's other

19   requirements may recover its paralegal fees from the Government at prevailing market rates."

20   *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).  In determining the prevailing market

21   rates for attorneys, courts consider rates "for similar work performed by attorneys of comparable

22   skill, experience, and reputation" in the forum district.  *Chalmers v. City of Los Angeles*, 796 F.2d

23   1205, 1211 (9th Cir. 1986); *Gates*, 987 F.2d at 1405.  "Affidavits of the plaintiffs' attorney and

24   other attorneys regarding prevailing fees in the community, and rate determinations in other cases,

25   particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the

26   prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407

27   (9th Cir. 1990).  Courts follow the same analysis in assessing the prevailing market rate for

28   paralegals.  *See id.* at 408.

*United States District Court*
*Northern District of California*

1    L.R.M.'s attorney attests that Mr. Ragnes has worked for him as a "litigation paralegal" on

2    Social Security appeals since "mid-2011" and that, in setting Mr. Ragnes's hourly rates, he

3    "considered the published data for paralegal rates in regions including the Bay Area" and

4    "considered Mr. Ragnes's level of skill and experience and knowledge of Social Security law and

5    regulation." ECF No. 23-1 (Weems Decl.) ¶¶ 4, 18.  The Northern District has approved a rate of

6    $130 per hour for Mr. Ragnes in comparable cases.  *Luhr v. Berryhill*, No. 17-cv-00686, 2018 WL

7    11392829, at *4 (N.D. Cal. Aug. 14, 2018); *Mitford v. Kijakazi*, No. 20-cv-05360, 2021 WL

8    6052006, at *2 (N.D. Cal. Dec. 21, 2021) *see Nielsen v. Colvin*, No. 11-cv-03379, 2015 WL

9    2174222, at *5 (N.D. Cal. May 8, 2015) (approving "$120.00 per hour" rate for Mr. Ragnes for

10   work completed in 2013 and 2014).  As "rate determinations in other cases, particularly those

11   setting a rate" for the same attorney or paralegal "are satisfactory evidence of the prevailing

12   market rate[,]" the Court finds that the $130 per hour rate requested for Mr. Ragnes is reasonable.

13   *United Steelworkers*, 896 F.2d at 407.

14       The Court next assesses if the time L.R.M.'s counsel spent litigating this case was

15   reasonable.  Determining if the amount of time an attorney spent on a case is reasonable "will

16   always depend on case-specific factors including, among others, the complexity of the legal issues,

17   the procedural history, the size of the record, and when counsel was retained." *Costa v. Comm'r

18   of Soc. Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012).  Although the party requesting the

19   award must demonstrate "the appropriate hours expended in the litigation and must submit

20   evidence in support of those hours worked[,]" in EAJA cases, courts should generally "defer to the

21   winning lawyer's professional judgment as to how much time [they were] required to spend on the

22   case." *Gates*, 987 F.2d at 1397; *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir.

23   2008).  Courts generally do not reduce an award of attorney's fees even when "the case was

24   remanded based on fewer than all of the claims asserted." *Matos v. Saul*, 469 F. Supp. 3d 934,

25   940 (N.D. Cal. 2020); *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (declining to reduce

26   attorneys' fees award where, although plaintiffs did not obtain "all the relief" they sought,

27   plaintiffs' claims were related and plaintiffs achieved their overall goal of the action).

28       L.R.M.'s counsel spent 72.6 hours on this case and his paralegal spent 32.6 hours, for a

United States District Court
Northern District of California

United States District Court
Northern District of California

1    cumulative 105.2 hours.  ECF No. 23 at 17; *see* ECF No. 23-2 (Invoice).  Recognizing that this

2    amount of time "was far outside the norm" for social security appeals—particularly, the Court

3    notes, for a case where L.R.M. did not oppose Defendant's cross-motion for summary judgment—

4    L.R.M.'s counsel has written off over half the hours spent on this case and only seeks to recover

5    for 27.9 hours of his time, spent drafting the motion for summary judgment, and 14.3 hours of his

6    paralegal's time, spent reviewing and summarizing the administrative record, for a total of 42.2

7    hours.  ECF Nos. 23 at 17; 23-1 (Weems Decl.) ¶ 10; 23-2 (Invoice).

8           Having reviewed L.R.M.'s counsel's declaration and the attached invoice, the Court finds

9    that it is reasonable for counsel to recover for 42.2 hours spent working on this case.  *See* ECF No.

10   23-2; *Valle v. Berryhill*, 16-cv-02358, 2018 WL 1449414, at *2 (N.D. Cal. Jan. 18, 2018)

11   (spending 53 hours on reviewing the record, researching legal issues, and drafting a motion for

12   summary judgment was "not unreasonable"); *Mitford v. Kijakazi*, No. 20-cv-05360, 2021 WL

13   6052006, at *5 (N.D. Cal. Dec. 21, 2021) (reducing the attorney's fee award by 10% where

14   counsel sought compensation for 89.9 hours on social security appeal where case was remanded

15   before defendant filed cross-motion for summary judgment).  The administrative record in this

16   action is over 900 pages; L.R.M.'s motion for summary judgment, which contains five distinct

17   arguments, is reasonably thorough and provided adequate bases for the Court to remand the

18   matter; and there is no indication that the hours counsel seeks to recover for are "redundant or

19   unnecessary[.]"  *P.W. v. Saul*, 19-cv-01132, 2020 WL 3488041, at *1 (N.D. Cal. June 26, 2020)

20   (finding that plaintiff's "expenditure of 50.4 hours" on a social security appeals case was

21   reasonable where counsel's billing records did not show "any redundant or unnecessary hours");

22   ECF Nos. 10-1 to 10-8; 14.  That the Court did not grant L.R.M.'s request for immediate payment

23   of benefits and instead remanded the matter for further proceedings does not warrant reducing the

24   attorney's fee award.  *Long v. Colvin*, No. 13-cv-05716, 2015 WL 3902160, at *2 (N.D. Cal. June

25   24, 2015) ("Plaintiff's failure to win all that she asked for does not mean her award must be

26   reduced."); *see Sorenson*, 239 F.3d at 1147 ("A plaintiff may obtain excellent results without

27   receiving all the relief requested.").

28          The Court accordingly finds that L.R.M.'s overall request for attorney's fees in the amount

United States District Court
Northern District of California

1  of $8,683.90 is reasonable.  *See* ECF Nos. 23 at 17, 23-2 at 3-4.

2  **V.     REQUEST FOR EXPENSES**

3  L.R.M. requests compensation for a $405 filing fee.  ECF No. 23 at 20.  This appears to be

4  an error.  The invoice attached to counsel's declaration shows that the only expense was $49.23

5  for "Westlaw research August 2023" and, given that L.R.M. proceeded *in forma pauperis*, the

6  Court has no basis for concluding that L.R.M. paid a filing fee.  ECF Nos. 23-2 at 3; 2

7  (Application to Proceed *In Forma Pauperis*); 4 (Order on Application to Proceed *In Forma*

8  *Pauperis*).  Moreover, the total amount L.R.M. requests in her motion ($8,733.13) accounts for the

9  $49.23 expense but not the $405 filing fee.  *See* ECF Nos. 23 at 21; 23-2 at 3-4.  As the EAJA

10  authorizes the award of reasonable expenses, and the Northern District has regularly found that

11  legal research fees are one such reasonable expense, the undersigned awards L.R.M. $49.23 for

12  Westlaw research fees.  29 U.S.C. § 2412(d)(1)(A); s*ee Mitford*, 2021 WL 6052006, at *5 (finding

13  plaintiff was "entitled to reimbursement" for Westlaw research fees); *Johnson v. Astrue*, No. C-07-

14  2387, 2008 WL 3984599, at *3 (N.D. Cal. Aug. 27, 2008) (awarding plaintiff "expenses,

15  including that for electronic legal research, in the amount of $533.83.").

16  **VI.    THE FEE AWARD SHALL BE PAYABLE TO COUNSEL**

17  L.R.M. lastly requests that the fees be paid directly to her attorney and provides a copy of

18  their fee agreement.  ECF No. 23 at 20-21.  The EAJA directs courts to award "fees and other

19  expenses" to the "prevailing party" other than the U.S. government.  28 U.S.C. § 2412(d)(1)(A).

20  The Supreme Court, in *Astrue v. Ratliff*, held that an award under section 2412(d) is "payable to

21  the litigant" rather than their attorney and section 2412(d) does not provide "attorneys with a

22  statutory right to direct payment of awards."  560 U.S. 586, 588, 598 (2010).  Following *Ratliff*,

23  "direct payment to the attorney should not be presumed."  *United States v. $186,416.00 in U.S.*

24  *Currency*, 642 F.3d 753, 756 (9th Cir. 2011).  Courts in the Northern District "have concluded that

25  *Ratliff* does not prevent payment of a fee award directly to the attorney if there has been a valid

26  assignment and the plaintiff does not owe a debt to the government."  *Little v. Comm'r of Soc.*

27  *Sec.*, No. 23-cv-00793, 2023 WL 9051266, at *3 (N.D. Cal. Dec. 28, 2023); *see Valle*, 2018 WL

28  1449414, at *3 (collecting cases).  Here, as L.R.M. has assigned her EAJA fees to her counsel, her

United States District Court
Northern District of California

1  award should be paid to counsel, subject to any debt offset.  *See* ECF No. 23-3 (Agreement for

2  Legal Services).

3                                      **CONCLUSION**

4          For the foregoing reasons, the Court GRANTS L.R.M.'s application for attorney's fees and

5  costs under the EAJA.  Plaintiff is awarded $8,733.13 in attorney's fees and costs, to be paid

6  directly to her counsel.

7          **IT IS SO ORDERED.**

8  Dated: May 12, 2025

10  _____
    LISA J. CISNEROS
11  United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28